UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

November 8, 2011

**VIA ELECTRONIC FILING**
Olekanma A. Ekekwe, Esquire
2426 L'Enfant Square, SE
Suite 100
Washington, DC  20020

Christopher R. Daily, Esquire
Daniel R. Lanier, Esquire
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, Maryland  21202

Re:     Karen Daniels  v. Target Corporation
        Civil Action No. CBD-10-1538

Dear Counsel:

Before the Court is Plaintiff's Motion to Vacate Summary Judgment ("Plaintiff's Motion")(ECF 36). The Court has reviewed Plaintiff's Motion, and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby DENIES Plaintiff's Motion.

On June 18, 2007, Plaintiff was injured after slipping on an unknown liquid and falling in Defendant's store in Virginia. No signs were posted in the area. Defendant claims to have no knowledge of the condition of the floor before Plaintiff's fall.

On July 16, 2011, the Court held a hearing regarding Defendant's Motion for Summary Judgment (ECF 27). The Court found no evidence of Defendant's actual knowledge and no basis to infer Defendant's constructive knowledge of the condition of the premises given the lack of "time on the floor" evidence. The Court found Plaintiff's allegation of spoliation equally lacking of factual and legal support. The Court was left to speculate as to how the substance got on the floor, and for how long it may have been present. There being no genuine dispute of material fact, the Court granted the Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 60, Plaintiff now seeks to vacate the judgment. Surprisingly, Plaintiff raises no new arguments.

## Plaintiff's Motion is Not Properly Grounded as a Rule 60 Motion.

Under Fed. R. Civ. P. 60, the Court has the discretion to grant relief from an order awarding summary judgment. In many respects, the Rule is specific in its recognition of such authority. Such is the case with those requests filed under Fed. R. Civ. P. 60(b).

>Rule 60 (b) Motion
>
>**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
>
>On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>>(1) mistake, inadvertence, surprise, or excusable neglect;
>>
>>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Rule 59(b)](#);
>>
>>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>>(4) the judgment is void;
>>
>>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>>(6) any other reason that justifies relief.

Here, Plaintiff has not argued the applicability of any of the six categories to the relief she seeks. Plaintiff merely states in her memorandum in support of Plaintiff's Motion that Fed. R. Civ. P. 60 applies. While Defendant correctly notes the rare circumstances under which the Rule is applicable, Plaintiff's lack of argument is fatal. To the extent the Court is left to ponder the applicability, it is not readily apparent.

Plaintiff's Motion more specifically states that she seeks relief under Fed. R. Civ. P. 60(d)(1). This too is lacking in merit. The Rule states,

Case 8:10-cv-01538-CBD   Document 42   Filed 11/08/11   Page 3 of 4

*Daniels v. Target*
November 8, 2011
Page 3 of 4

> **(d) Other Powers to Grant Relief.**
>
> This rule does not limit a Court's power to:
>
> > (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

Though couched as such, there is nothing about Plaintiff's Motion which implies that she is here pursuing "an independent action." It is clear that Plaintiff is merely dissatisfied with the Court's granting of summary judgment and desires a new outcome. Defendant correctly notes that this Rule is rarely relied upon by the Courts, and is usually only granted in instances of extraordinary circumstances. There is nothing extraordinary here. There is, likewise, no "miscarriage of justice" here. See United States v. Beggerly, 524 U.S. 38 (1998).

### The Court's Finding that Defendant is Entitled to Judgment Remains Undisturbed.

Plaintiff's opening thrust relies upon Strobel v. W.B.W. Enters., Inc., 319 Fed. Appx. 201 (4th Cir. 2008), wherein the appellate court vacated and remanded the trial court's granting of summary judgment. While Strobel is a Fourth Circuit decision regarding a slip and fall case, it is materially different in that the plaintiff in Strobel fairly generated a question of fact as to whether the subject door mats were defective and caused the plaintiff to fall. As stated, in Virginia a "plaintiff must prove 'what and how the incident happened' . . . . And if the cause of the event is left to conjecture, guess, or random judgment, the plaintiff cannot recover.'" Id. at 203, (citing Town of West Point v. Evans, 224 Va. 625, 299 S.E. 2d 349, 351 (1983). The evidence consisted of photographs of the floor mats which showed that the edges of the mats in some places were not flush with the floor and there were ripples across the top of the mats. Witnesses testified that there were problems with the mats during the two days before the accident, and said problems were also noticed by other shopkeepers.

Strobel is a far cry from the instant case, wherein Plaintiff's only evidence is liquid on the floor. No evidence was presented as to what caused the condition, or of how long the condition existed, or of anyone else being aware of the problem. Simply put, Strobel is not helpful to Plaintiff either in support of her Motion for Summary Judgment or in the present motion to vacate.

### The Court's Finding that Plaintiff Was Not Entitled to a Spoliation Determination Remains Undisturbed.

Plaintiff continues to suggest that Defendant destroyed a videotape depicting her fall and that she is entitled to a favorable evidentiary inference due to its non-production. This suggestion was rejected in the granting of summary judgment. As with her earlier argument,

Plaintiff has suggested nothing new and merely restates the claims made in her Opposition to the Motion for Summary Judgment.

While Defendant has always conceded the existence of camera equipment in the area where Plaintiff fell, it has never acknowledged that the event was recorded. Defendant offered plausible explanations for the lack of a video recording. Defendant offered testimony by affidavit to show that its employee, Katie Milas, had responsibility to check for a videotape, and that if found it would have been preserved. The representation was undisputed regarding the lack of constant coverage of the area by video camera. Other representations supporting Defendant's position about the lack of recording or destruction went unchallenged. Simply put, there was no evidence of the existence or the destruction of video recording. Plaintiff relies upon the mere assertion that where there is a camera, there must be a video tape and that such would have been favorable to her claim.

In summary, Plaintiff's injury from the presence of a liquid on the floor, in addition to the lack of video footage of the fall, does not equate to a genuine dispute of material fact.

Accordingly, the Court DENIES Plaintiff's Motion for the reasons set forth. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge

CBD/bab